By the Court, Nelson, Ch. J.
I am of opinion that the court below erred. No doubt the act in relation to common schools, contemplates that the inhabitants, at their annual or special meeting, shall specify in their resolutions authorizing the levy of a tax for the purposes mentioned, some definite amount to be raised, and not leave that to be determined by the trustees at *48 their discretion. This was held in Robinson v. Dodge, (18 John. R. 351.) In that case the meeting directed the erection of the school house, and authorized the trustees to levy a tax &c. “to defray the expenses of the same.” But here, the amount was specified at four hundred dollars, with a direction to the trustees to sell the old building, and treat the avails, after sale, as so much of the fund already in hand to be expended on the new erections. This delegation of authority is not questioned, nor can it be ; and it is the only act of discretion involved in the case that has any connection with the question of amount. The aggregate sum named in the resolutions was not to be exceeded, but might be reduced by the application of the avails of the old building.
It seems to me impossible to say, therefore, upon this state of the case, that any discretionary power was committed to the trustees in respect to the amount of the tax, beyond what the law clearly confers upon them. It might with as much propriety be said, if the building had been already sold, and the avails in the hands of the trustees when the vote was taken, and they directed to deduct the amount from the $400, that the proceeding would have been void for not fixing a definite sum. The power to sell and realize the price is as perfect as it would be to make the mathematical deduction of the amount.
Judgment reversed.